IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LARRY BRANDNER,                        :
                                       :
            Plaintiff,                 :
                                       :
      v.                               : Civil Action No. 03-1146 JJF
                                       :
FIRST CORRECTIONAL MEDICAL;            :
MEDICAL DIRECTOR JOHN DOE; and         :
RN BRENDA HOLWERDA,                    :
                                       :
            Defendants.                :

_____

Larry Brandner, Smyrna, Delaware.
Pro se Plaintiff.

Daniel L. McKenty, Esquire, Steven F. Mones, Esquire, and Dana M.
Spring, Esquire of MCCULLOUGH & MCKENTY, P.A., Wilmington,
Delaware.
Attorneys for Defendants First Correctional Medical and RN Brenda
Holwerda.

_____

**MEMORANDUM OPINION**

July 23, 2005
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is the Motion To Dismiss (D.I. 18) filed by Defendants First Correctional Medical, Medical Director John Doe, and Brenda Holwerda.  For the reasons discussed, Defendants' motion will be granted.

## BACKGROUND

Pro se Plaintiff, Larry Brandner, is an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.  On December 17, 2003, Mr. Brandner filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that various acts by First Correctional Medicals ("FCM") and its employees amounted to a deliberate indifference of his medical needs, and therefore, violated his Eighth Amendment rights.

Mr. Brandner alleges that, on or about August 15, 2002, another inmate at Smyrna D.C.C. injured Mr. Brandner's knee.  Mr. Brandner subsequently made several visits to Defendant FCM with regard to his knee injury.  (D.I. 2.)  Employees of FCM examined Mr. Brandner's knee on separate occasions on August 27, 2002, September 19, 2002, October 10, 2002, November 29, 2002, January 23, 2003, February 3, 2003, April 3, 2003, May 21, 2003, July 1, 2003, July 23, 2003, August 20, 2003, and October 2, 2003.  FCM employees X-rayed Mr. Brandner's knee and, during some of these visits, provided Mr. Brandner with pain medication.  (D.I. 2 at 8-9.)

1

On December 2, 2002, Mr. Brandner filed a Medical Grievance with the Inmate Grievance Office at the DCC in Smyrna, Delaware complaining that he had not been provided with crutches for his swollen and painful knee.  (D.I. 30.)

On February 1, 2003, Mr. Brandner filed a Medical Grievance alleging that he had not been provided with crutches or a knee brace for his knee.  (D.I. 30.)

On February 6, 2003, Mr. Brandner filed a Medical Grievance requesting reimbursement of $4.00 to his account because the medical care he received with regard to his knee was inadequate. (D.I. 30.)

On March 31, 2003, FCM provided Mr. Brandner with a cane to assist his ambulation.  On December 9, 2003, an MRI scan of Mr. Brandner's knee was performed.  (D.I. 30, Ex. 5.)

On June 24, 2004, Mr. Brandner filed a Grievance Report with the Smyrna D.C.C. alleging that after almost two years his knee has still not been cared for properly and requesting reimbursement of the $4.00 fee for a June 17, 2004 visit to FCM.  (D.I. 30.)

The D.C.C. held two hearings with regard to Mr. Brandner's claims, at which Mr. Brander's requests were denied.  On August 26, 2004, Mr. Brandner filed an appeal with the DCC.

On December 14, 2004, a B.G.O. and the Bureau Chief recommended that FCM order a consultation with an orthopedic surgeon to resolve Mr. Brandner's knee pain.  On March 28, 2005,

Mr. Brandner moved the Court to allow him to submit new evidence that, on March 22, 2005, he was taken to see an orthopedic surgeon.  (D.I. 37.)

By their Motion, Defendants ask the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against them.

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45-56 (1957).  In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom."  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief.  Id.

## DISCUSSION

### I. Parties' Contentions

Defendants contend that the Court should grant the motion to dismiss because Mr. Brandner has failed to allege facts sufficient to state a claim of deliberate indifference due to Defendants' actions.  Specifically, Defendants contend that (1) Mr. Brandner's Complaint (D.I. 2) should not have been docketed by the Clerk of

3

Court because the complaint was not accompanied by an affidavit of merit, as required by 18 Del. Code § 6853; (2) Mr. Brandner's claims against FCM are derivative of the claims against Defendant Brenda Holwerda and, thus, the Complaint fails to state a claim against FCM; (3) the claim against Medical Director John Doe must be dismissed because Delaware law does not permit fictitious name practice; and (4) Mr. Brandner has not satisfied his burden to show "deliberate indifference to a serious medical need."

In response, Mr. Brandner contends that (1) an Affidavit of Merit must be filled out by an expert medical doctor, to which he has no access; (2) because he has been seen by various members of FCM's medical staff, his claim against FCM is proper; (3) Mr. Brandner has a pending Motion To Amend 1983 Complaint (D.I. 27), in which Mr. Brandner seeks to replace the Medical Director John Doe with Dr. Alie;[1] and (4) Mr. Brandner's knee remains swollen and painful and, therefore, Mr. Brandner contends Defendants were deliberately indifferent to Mr. Brandner's medical needs.

## II. Decision

The Court concludes that Plaintiff's allegations do not state a claim for failure to provide medical care in violation of the Eighth Amendment.

_____

[1] On March 19, 2005, the Court entered an Order (D.I. 33) staying, inter alia, the Motion To Amend 1983 Complaint (D.I. 27) filed by Mr. Brandner until the Court reaches a decision with regard to the instant Motion To Dismiss.

To successfully allege a Section 1983 action for failure to provide medical care in violation of the Eighth Amendment, an inmate plaintiff must allege practices that violate "evolving standards of decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). The defendant's action must be said to constitute "'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 106. To meet this standard of deliberate indifference, the defendant must know of the inmate's condition and disregard an excessive risk of the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In his Complaint, Mr. Brandner admits that he was seen by various employees of FCM on approximately a monthly basis from August 2002 until October 2003. Mr. Brandner also admits that during these visits, FCM employees attempted to diagnose and alleviate the pain in his knee through X-rays, an MRI scan, pain medication, and a cane. While Mr. Brandner contends that FCM's attempts were unsuccessful, in these circumstances the Court finds that the acts of FCM or its employees as alleged in Mr. Brandner's Complaint do not amount to "an unnecessary and wanton infliction of pain." Further, the Court concludes that FCM or its employees did not disregard an excessive risk of Mr. Brandner's health or safety. Rather, the Court is persuaded that the DCC is providing Mr. Brandner with continuing medical care, as evidenced by Mr. Brandner's visit to an orthopedic surgeon on March 22, 2005.

5

## CONCLUSION

For these reasons, the Court will grant Defendants' Motion To Dismiss (D.I. 18).

An appropriate Order will be entered.